James R. Hawkins (SBN 192925)
  james@Jameshawkinsaplc.com
Christina M. Lucio (SBN 253677)
  christina@Jameshawkinsaplc.com
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676

Attorneys For Plaintiff SCOTT GREEN,
on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT GREEN, individually and on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>TREK RETAIL CORPORATION, a Wisconsin Corporation; and DOES 1-50, inclusive,<br><br>          Defendants. | Case No.: 4:21-cv-07004-HSG<br>Assigned to: Hon. Haywood Gillam, Jr.<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1)    VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO MAKE PROPER DISCLOSURES [15 U.S.C. § 1681, ET SEQ.];<br>2)    VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO OBTAIN PROPER AUTHORIZATION;<br>3)    FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA;<br>4)    FAILURE TO PAY MINIMUM WAGES;<br>5)    FAILURE TO PAY OVERTIME OWED;<br>6)    FAILURE TO PROVIDE LAWFUL MEAL PERIODS;<br>7)    FAILURE TO AUTHORIZE AND PERMIT REST PERIODS; |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8)    FAILURE TO TIMELY PAY WAGES
DURING EMPLOYMENT
9)    FAILURE TO TIMELY PAY WAGES
OWED UPON SEPARATION FROM
EMPLOYMENT;
10)    KNOWING AND INTENTIONAL
FAILURE TO COMPLY WITH ITEMIZED
WAGE STATEMENT PROVISIONS;
11)    VIOLATION OF THE UNFAIR
COMPETITION LAW;
**DEMAND FOR JURY TRIAL**

AMENDED COMPLAINT

COMES NOW, Plaintiff SCOTT GREEN ("Plaintiff"), individually and on behalf of others similarly situated, and asserts claims against defendants TREK RETAIL CORPORATION. a Wisconsin Corporation; and DOES 1-50, inclusive (collectively "Defendants" or "Trek") as follows:

## INTRODUCTION

1.    Plaintiff asserts claims in three capacities in this Complaint:  (1) individually, (2) on behalf of an FCRA Class, and (3) on behalf of a class of exempt managers or supervisors.

2.    This is a Class Action, pursuant to California Code of Civil Procedure section 382 and Federal Rule of Civil Procedure, Rule 23(b)(1) and (b)(3), on behalf of Plaintiff and a class of managers or supervisors, however, titled, employed by Defendants in the State of California who were misclassified as exempt at any time from four years prior to the filing of this Complaint (as tolled by Emergency Rule 9) through resolution or trial of the matter. ("Manager Class" or "Managers" or "Class")

3.    As to the FCRA claims, Plaintiff seeks to represent a class of all prospective employees and/or employees employed by, or formerly employed by Defendants in the United States who, as a condition of employment, were required to submit to a background check during the relevant period (as tolled by Emergency Rule 9) for the FCRA claims. (referred to as the "FCRA Class").

4.    Defendants implemented uniform policies and practices that deprived Plaintiff and Class Members of earned wages, including minimum wages, straight time wages, overtime wages, and premium wages; lawful meal and/or rest breaks; and timely payment of wages.

5.    Such actions and policies, as described above and further herein, were and continue to be in violation of the California Labor Code and Business and Professions Code section 17200.  Plaintiff, on behalf of himself and all Class members, brings this action pursuant to the California Labor Code, including sections 201, 202, 203, 204, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 245-249, 510, 512, 516, 558, 925, 1174, 1194, 1194.2, 1195, 1197, 1198, applicable IWC California Wage Orders and California Code of Regulations,

Title 8, section 11000 *et seq.*, seeking unpaid wages, unpaid meal and rest period compensation, unreimbursed expenses, penalties, liquidated damages, and reasonable attorneys' fees and costs.

6.    Plaintiff also alleges that during the relevant time period, Defendants improperly conducted background checks, conducted background checks without proper authorization, and obtained consumer credit reports on Plaintiff and FCRA Class Members when they applied for employment and/or during employment in violation of the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681 et seq., the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786 et seq.).

7.    The FCRA and ICRAA Classes include the members of the Class, but also includes other prospective employees, employees, and former employees of Defendants during the relevant time period.  Thus, the FCRA and ICRAA Classes are broader than the Class.

8.    Plaintiff, individually and on behalf of the FCRA and ICRAA Classes, seeks compensatory and statutory damages, penalties, and punitive damages due to Defendants' systematic and willful violations of the FCRA and ICRAA

9.    Plaintiff, on behalf of himself and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seek restitution from Defendants for their failure to pay to Plaintiffs and Class Members all of their wages, including overtime and premium wages and the failure to reimburse necessary expenses.

## JURISDICTION AND VENUE

10.    Plaintiff does not dispute that this Court has subject matter jurisdiction over Plaintiff's complaint, as Defendant has removed this action to the Northern District of California on federal question and diversity grounds pursuant to 28 USC 1332, 1441, and 1446.

11.    Venue is proper in the Northern District of California because the case was removed from the Superior Court of Marin.  In addition, pursuant to 28 U.S.C. § 1391, venue is proper because Defendant is a corporation that (i) is subject to personal

jurisdiction in this District, and, therefore, resides in this District and/or (ii) committed the wrongful conduct against certain members of the Class in this District.

## PARTIES

12.     Defendant Trek Retail Corporation is a Wisconsin Corporation doing business in the state of California.  It is based at 801 W. Madison St., Waterloo, Wisconsin 53594.

13.     Upon information and belief, Trek employs Class Members, like Plaintiff, throughout the State of California.

14.     Plaintiff Scott Green is and during the liability period has been, a resident of California.

15.     Plaintiff was employed by Defendants from approximately 2017 through 2020.

16.     Until April 2018, Plaintiff was misclassified as an exempt employee.

17.     Plaintiff was employed as an hourly non-exempt employee by Defendants through the end of employment in June 2020.

18.     The members of the putative "Manager Class" include all managers or supervisors, however titled, working for Defendants in the State of California who were classified as exempt and whose job duties did not consist of over 50% administrative, executive or professional duties at any time from four years prior to the filing of initial Complaint in this Action (as tolled by Emergency Rule 9) through resolution or trial of the matter.

19.     The members of the putative "FCRA Class" includes all prospective employees and/or employees employed by, or formerly employed by Defendants in the United States who, as a condition of employment, submitted to a background check during the relevant period (as tolled by Emergency Rule 9) for the FCRA claims.

20.     Plaintiff was a member of the  Manager Class, and the FCRA Class at various times during his employment.

21.     Whenever in this complaint reference is made to any act, deed, or conduct of

Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of Defendants' officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

22.     The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

23.     Plaintiff is informed and believes, and thereon allege, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

24.     Plaintiff is further informed and believes, and thereon allege, that at all times material herein, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally.  Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## FACTUAL ALLEGATIONS

25.     At certain times during the relevant period, Defendants compensated Plaintiff based upon an hourly wage, and at other times, Defendants compensated Plaintiff based upon a salary.

26.     At all times relevant to the Manager Class claims, Defendants compensated Plaintiff based upon a salary.

27.     At all times relevant to his individual claims, Defendants compensated Plaintiff based upon an hourly wage.

28.     During the relevant time, Plaintiff was employed by Defendants, at various times, as a Sales Manager and Sales Associate in Defendants' retail locations approximately 5 days per week, 40+ hours per week.

29.     Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

30.     All Class Members and FCRA Class Members are similarly situated in that they are all subject to Defendants' uniform policies and systemic practices as specified herein.

31.     Plaintiff and Manager Class Members were misclassified as exempt, and were not paid for all hours worked because they were paid a salary without regard for the number of hours worked, including overtime hours worked.  Thus, Plaintiff and the Manager Class Members were undercompensated.

32.     Plaintiff and Manager Class Members were misclassified as exempt because they were not primarily engaged in exempt executive, administrative or professional duties; they did not regularly and customarily exercise discretion and independent judgment on the job; and they did not earn a salary equivalent to at least twice the state minimum wage for full time work.

33.     Plaintiff and the Manager Class Members were required to spend over 50% of their working hours performing non-exempt activities including customer service, and merchandising functions.

34.     In reality, Plaintiff and the Manager Class Members were subject to the protections of the Labor Code and Wage Order 7-2001.

35.     Plaintiff, individually, also was not paid for all hours worked because he was required to work off the clock due to lack of coverage, Defendants' labor budgets and

models, and practices and procedures when he was classified as an hourly, non-exempt employee.

36.    In addition, Plaintiff and the Manager Class Members worked in excess of eight (8) hours in day and/or over forty (40) hours in a workweek, but were not properly paid for such time at a rate of time and one-half the employee's regular rate of pay per hour because they were misclassified as exempt from overtime provisions.

37.    Upon information and belief, Defendants failed to incorporate all forms of non-discretionary compensation into the regular rate of compensation, including differentials, incentives and bonuses.

38.    In addition, as a result of the off the clock or uncompensated work set forth above, Plaintiff and the Manager Class Members were regularly required to work overtime without compensation at the proper rate.

39.    Plaintiff and the Manager Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and, on occasion, over ten hours in a day without being provided a second lawful meal period as required by law.

40.    Meals periods were not provided to Plaintiff and the Manager Class Members because they were misclassified as exempt from meal period requirements.

41.    Moreover, functionally during the relevant time, as a consequence of Defendants' scheduling and staffing practices, work demands, labor budgets, and Defendants' policies and practices, Defendants failed to provide Plaintiff and the Manager Class Members timely, legally compliant uninterrupted 30-minute meal periods as required by law.  Not only were Plaintiff's and the Manager Class Members' first meal breaks frequently not provided, untimely or short, but also Plaintiff and the Class Members were not provided a second meal period when working shifts in excess of 10 hours and in excess of 12 hours.

42.    Defendants also failed to record meal periods and clock in and out times for Plaintiff and the Manager Class Members during the relevant time period.

43.    As to the time Plaintiff was classified as a non-exempt employee, he was

frequently not provided lawful meal periods as a consequence of Defendants' scheduling and staffing practices, work demands, labor budgets, and Defendants' policies and practices, Defendants failed to provide Plaintiff timely, legally complaint uninterrupted 30-minute meal periods as required by law.

44.    Plaintiff estimates that Defendants failed to provide meal periods approximately 40% of the time while classified as a non-exempt employee due to a lack of coverage and limited staff.

45.    Plaintiff further estimates that 20% of the meal periods taken while classified as a non-exempt employee were cut short due to work demands.

46.    Upon information and belief, Defendants automatically deducted 30 minutes from hours worked for purported meal periods regardless of whether such meal periods were actually taken.

47.    Despite the above-mentioned meal period violations, Defendants failed to compensate Plaintiff and upon information and belief the Manager Class members one additional hour of pay at their regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner.

48.    Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff was entitled to receive accurate premium wages under Labor Code §226.7 but was not receiving accurately calculated compensation.

49.    In addition, during the relevant time frame, Plaintiff and the Manager Class Members were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order.

50.    Rest periods were not provided to Plaintiff and the Manager Class Members because they were misclassified as exempt from rest period requirements.

51.    Defendants maintained and enforced staffing and scheduling practices, policies, labor budgets, and imposed work demands that frequently required Plaintiff and Manager Class Members to forego their lawful, paid rest periods of a net ten minutes for

every four hours worked or major fraction thereof.    Such requisite rest periods were not timely authorized and permitted.

52.    Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff, and on information and belief, did not pay Manager Class Members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

53.    As to the time he was classified as a non-exempt employee, Plaintiff estimates that he was not authorized and permitted to take at least 80% of his rest periods due to chronic understaffing, lack of coverage and Defendants' policies and procedures.

54.    Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff in part because of the above specified violations.    In addition, upon information and belief, Defendants omitted an accurate itemization of all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate from Plaintiff's wage statements, and failed to properly indicate the total number of hours worked per pay period.    In addition, some of the rates listed were incorrect.

55.    Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Plaintiff, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, meal periods, and non-provided rest and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders.

56.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiff for all wages owed including straight time, overtime, meal and rest period premiums, and that Defendants had the financial ability to pay such

compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

## FCRA ALLEGATIONS

57.    In addition to the violations set forth above, Defendants violated the Fair Credit Reporting Act 15 U.S.C. § 1681, et seq. ("FCRA"). Plaintiff asserts these claims arising under the FCRA on a class-wide basis.

58.    Plaintiff and the members of the FCRA Class are all prospective employees and/or current employees employed by, or formerly employed by Defendants in the United States who, as a condition of employment, were required to submit to a background check at any time during the period beginning five years prior to the filing of the initial Complaint to the present. ("FCRA Class")

59.    The FCRA provides individuals with a number of rights.  Specifically, pertaining to employment-related background checks, the FCRA provides that a prospective employee must give valid consent to the background check.  The FCRA requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent" form.  The authorization and disclosure form must be executed and signed by the applicant prior to an employer requesting or conducting a background check. Importantly, no extraneous information can be attached or included on the consent form. The authorization and disclosure must stand alone.

60.    In violation of 15 U.S.C. §1681(b)(2), Defendants failed to provide proper disclosures to employees and applicants prior to causing such background checks and consumer reports to be procured, and failed to secure requisite authorizations prior to conducting such background checks.

61.    In violation of 15 U.S.C. § 1681b(b)(2)(A)(ii) Defendants have obtained consumer reports without proper authorization and consent as required by the FCRA. This triggers statutory damages under the FCRA in the amount of up to $1,000 for each

applicant that Defendants obtained a consumer report without a facially valid authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

62.    Plaintiff brings the First and Second Cause of Action on behalf of the FCRA Class. The FCRA CLASS is broader than the Class of Managers otherwise referenced herein.

63.    To the extent equitable tolling operates to toll claims by the FCRA CLASS against Defendants, the FCRA CLASS PERIOD should be adjusted accordingly.

64.    Defendants, as a matter of corporate policy, practice and procedure, and in violation of The Fair Credit Reporting Act 15 U.S.C. §1681, et seq., intentionally, knowingly, and willfully, engaged in a practice whereby Defendants uniformly, unfairly, unlawfully, and deceptively instituted a practice of obtaining consumer reports without valid authorization to do so.

65.    The FCRA CLASS is so numerous that joinder of all FCRA CLASS Members is impracticable.

66.    Defendants uniformly violated the rights of the FCRA SUBCLASS by violating The Fair Credit Reporting Act 15 U.S.C. §1681, et seq., by (a) unlawfully, unfairly and/or deceptively having in place company policies, practices, and procedures that uniformly obtained credit reports on prospective employees without first obtaining valid authorization consent forms; (b)failing to make proper, clear and conspicuous disclosures; (d) failing to obtain proper authorizations; and (e) illegally procuring credit and background reports.

67.    Common questions of law and fact exist as to members of the FCRA CLASS, including, but not limited, to the following:

a.    Whether Defendant provided the FCRA CLASS with any disclosures or authorization forms prior to obtaining consumer reports;

b.    Whether Defendant required the FCRA CLASS Members to sign a background check disclosure and authorization forms;

c.  Whether Defendant's background check disclosure and
authorization forms, if any, comply with the FCRA;

d.  Whether Defendant violated the FCRA by procuring consumer
report information without providing requisite disclosures;

e.  Whether Defendant violated the FCRA by procuring consumer
report information without valid authorizations;

f.  Whether Defendant's violations of the FCRA were willful;

g.  The proper measure of statutory damages and punitive
damages.

68.    This Class Action meets the statutory prerequisites for the maintenance of a
Class Action in that:

a.  The persons who comprise the FCRA CLASS are so numerous
that the joinder of all such persons is impracticable and the
disposition of their claims as a class will benefit the parties and
the Court;

b.  The members of the FCRA CLASS are readily ascertainable
from Defendant's business records.

c.  Nearly all factual, legal, statutory, and declaratory relief issues
that are raised in this Complaint are common to the FCRA
CLASS will apply uniformly to every member of the FCRA
CLASS;

d.  The claims of the representative Plaintiff are typical of the
claims of each member of the FCRA CLASS.  Plaintiff, like all
the other members of the FCRA CLASS, had a credit report
obtained on his behalf by Defendant without valid authorization
and without  receiving the requisite lawful disclosures in
violation of the FCRA as described herein.  Plaintiff and the
members of the FCRA CLASS were and are similarly or

identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by Defendants; and

e. The representative Plaintiff will fairly and adequately represent and protect the interest of the FCRA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the FCRA CLASS that would make class certification inappropriate. Counsel for the FCRA CLASS will vigorously assert the claims of all employees in the FCRA CLASS.

69.     In addition, the prosecution of separate actions will create the risk of inconsistent or varying adjudications with respect to individual members of the FCRA CLASS which would establish incompatible standards of conduct for the parties opposing the FCRA CLASS; and/or, adjudication with respect to individual members of the FCRA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

70.     Common questions of law and fact exist as to members of the FCRA CLASS, with respect to the practices and violations of the FCRA set forth above, and predominate over any question affection only individual FCRA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy.

71.     A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action.

72.     In the context of employment litigation because as a practical matter a substantial number of individual FCRA CLASS Members will avoid asserting their legal rights out of fear of retaliation by Defendant, which may adversely affect an individual's

job with Defendant or with a subsequent employer, the Class Action is the only means to assert their claims through a representative.

## CLASS ACTION ALLEGATIONS

73.     Plaintiff brings this action on his own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under California Code of Civil Procedure §382 and Federal Rule of Civil Procedure Rule 23(b)(1) and (3).

74.     The members of the putative "**FCRA Class**" include all prospective employees and/or employees employed by, or formerly employed by Defendants in the United States who, as a condition of employment, submitted to a background check at any time during the period beginning five years prior to the filing of the initial Complaint to the present as tolled by Emergency Rule 9).

75.     The members of the putative "**Manager Class**" include all managers or supervisors, however titled, working for Defendants in the State of California who were classified as exempt and whose job duties did not consist of over 50% administrative, executive or professional duties at any time from four years prior to the filing of the initial Complaint in this Action (as tolled by Emergency Rule 9) through resolution or trial of the matter.

76.     Plaintiff also seeks to represent Subclasses included in the Manager Class, which are composed of Class Members satisfying the following definitions:

a.      All Class Members who were not paid at least minimum wage for all hours worked (collectively **"Minimum Wage Subclass"**);

b.      All Class Members who earned bonuses or incentives (collectively **"Bonus Subclass"**);

c.      All Class Members who were not accurately paid overtime for hours worked over eight in a day or over forty in a workweek **(collectively "Overtime Subclass"**);

d.      All Class Members who worked more than five (5) hours in a workday and were not provided with a timely, uninterrupted lawful meal period of net thirty (30) minutes, and were not paid compensation of one hour premium wages at the

employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**First Meal Period Subclass**");

      e.      All Class Members who worked more than ten hours in a workday and were not provided with a timely, uninterrupted lawful second meal period of thirty (30) minutes, and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**Second Meal Period Subclass**");

      f.      All Class Members who worked more than three and a half hours in a workday and were not authorized and permitted to take a net 10-minute rest period for every four (4) hours or major fraction thereof worked per day and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**Rest Period Subclass**");

      g.      All Class Members who were not reimbursed for all necessary expenditures (collectively "**Indemnification Subclass**");

      h.      All Class Members who did not receive all owed wages at time of separation or within 72 hours in the case of resignation (hereinafter collectively referred to as the "**Waiting Time Subclass**");

      i.      All Class Members who were not provided with accurate and complete itemized wage statements (hereinafter collectively referred to as the "**Inaccurate Wage Statement Subclass**");

      j.      All Class Members who were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "**Unfair Business Practices Subclass**").

77.      The **PROPOSED ICRAA CLASS** is defined as: All of Defendant's current and former employees, and prospective applicants for employment who applied for a job with Defendants in California and were required to submit to a background/credit check at any time during the period beginning five years prior to the initial filing of this action and ending on the date that final judgement is entered in this action.

78.      Plaintiff reserves the right, under Rule 3.765, California Rules of Court, to

amend or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate, or if it should be deemed necessary by the Court or to further divide the Class Members into additional Subclasses or to limit the Subclasses to particular issues. Any reference herein to the Class Members or the Plaintiffs' Class includes the members of each of the Subclasses.

79.    As set forth in further detail below, this action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses are easily ascertainable through Defendants' records.

a.    Numerosity:   The members of the Class and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical.   The membership of the entire Class, the FCRA and ICRAA Classes, and Subclasses is unknown to Plaintiff at this time, however, the Class is estimated to be hundreds of individuals.   Accounting for employee turnover during the relevant periods necessarily increases this number substantially.   Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

b.    The proposed class is easily ascertainable. The number and identity of the class members are determinable from Defendants' payroll records and time records for each class member.

c.    Commonality:   There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual Class Members.   These common questions of law and fact include, without limitation:

1.   Whether Defendants accurately paid Class Members for all hours worked;

2.   Whether Defendants rounding practices were lawful;

3.   Whether Defendants knew or should have known that Class Members were required to perform work off the clock;

4.   Did Defendants misclassify members of the Manager Class;

5.  Whether Defendants accurately calculated and paid all Class Members overtime premiums for the hours which Plaintiff and Class Members worked in excess of eight (8) hours per day and/or forty (40) hours per week;

6.  Whether Defendants accurately paid employees double time for hours worked in excess of 12 hours in one day or for work over 8 hours in a day on the seventh day of work in a workweek;

6.  Whether Defendants had a policy and practice of providing lawful, timely meal periods in accordance with Labor Code § 512, as well as the applicable Industrial Welfare Commission ("IWC") wage order;

7.  Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and IWC Wage Order on each instance that a lawful, timely 30-minute uninterrupted meal period was not provided;

8.  Whether Defendants failed to authorize and permit a lawful, net 10-minute rest period to the Class Members for every four (4) hours or major fraction thereof worked;

9.  Whether Defendants required employees to remain on the premises during rest periods;

10. Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and the IWC Wage Order on each instance that a lawful rest period was not provided;

11. Whether Defendants failed to timely pay all wages upon separation in accordance with Labor Code sections 201-202;

12. Whether Defendants failed to maintain accurate records of Class Members' earned wages, work periods, meal periods and deductions;

13. Whether Defendants engaged in unfair competition in violation of section 17200 et seq. of the Business and Professions Code;

14. Whether Defendants' conduct was willful and/or reckless;

15. and

18
AMENDED COMPLAINT

16. Whether Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

17. Whether Defendants willfully failed to obtain written authorizations before obtaining a credit or background report in compliance with the statutory mandates;

18. Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation;

19. Whether Defendants willfully failed to identify the source of the credit report performed;

20. Whether Defendants willfully failed to comply with the FCRA and/or the ICRAA.

21. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law and federal law.

d.    <u>Typicality</u>:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom he has a well-defined community of interest.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All members of the Class and/or Subclasses have been similarly harmed by Defendants' failure to provide lawful meal and rest periods, failure to reimburse expenses, failure to provide accurate wage statements, failure to timely pay wages at termination, failure to pay minimum wages, rounding practices, and failure to accurately pay all wages earned including all owed premium and overtime wages, all due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly.  Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

e.    <u>Adequacy</u>:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom he has a

well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses, and no such relationships or conflicts are currently known to exist. Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclasses if needed.

f.    <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, judicial resources, and expense, which would not be achieved with separate lawsuits. The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties. Thus, a class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices that affected each member of the Class and/or Subclasses similarly. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for both parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

g.    <u>Public Policy Considerations</u>:  Employers in the state of California violate employment and labor laws every day. However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees

1    are fearful of bringing actions because they believe their former employers may damage
2    their future endeavors through negative references and/or other means. The nature of this
3    action allows for the protection of current and former employees' rights without fear of
4    retaliation or damage. Additionally, the citizens of California have a significant interest in
5    ensuring employers comply with California's labor laws and in ensuring those employers
6    who do not are prevented from taking further advantage of their employees.

**CLASS ACTION CLAIMS**

**FIRST CAUSE OF ACTION**

**FOR FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE**

**FCRA**

**[15 U.S.C. §1681b(b)(2)(A)(i), ET SEQ.]**

**(By PLAINTIFF and the FCRA CLASS and Against All Defendants)**

80.    PLAINTIFF, and the other members of the FCRA CLASS, reallege and
incorporate by this reference, as though fully set forth herein, the prior paragraphs of this
Complaint.

81.    15 U.S.C. §1681b(b)(2)(A)(i) provides that "a person may not procure a
consumer report, or cause a consumer report to be procured for employment purposes
with respect to any consumer, unless—(i) a clear and conspicuous disclosure has been
made in writing to the consumer at any time before the report is procured or caused to be
procured, in a document that consists solely of the disclosure, that a consumer report may
be obtained for employment purposes.

82.    DEFDNANT violated 15 U.S.C. §1681b(b)(2)(A)(i) of the FCRA by failing
to make proper disclosure to Plaintiff and members of the FCRA CLASS as required by
the statute before the report is procured or caused to be procured.

83.    The violations of the FCRA were willful.

84.    Upon information and belief, DEFENDANT knew that it was required to
make required disclosure to FCRA CLASS MEMBERS and/or that its background check
forms should not include extraneous information that is prohibited by the FCRA, and

acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other FCRA CLASS Members under 15 U.S.C. §1681b(b)(2)(A)(i).

85.    PLAINTIFF and the other FCRA CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

86.    PLAINTIFF and FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

87.    PLAINTIFF and FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**SECOND CAUSE OF ACTION**

**FOR FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATIONS OF THE FCRA [15 U.S.C. § 1681B(B)(2)(A)(ii)]**

**(By PLAINTIFF and the FCRA CLASS and Against All Defendants)**

88.    PLAINTIFF, and the other members of the FCRA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

89.    DEFENDANT violated the FCRA by procuring consumer reports relating to PLAINTIFF and other FCRA CLASS Members without proper and lawful authorization as alleged herein See 15 U.S.C. §1681b(b)(2)(A)(ii).

90.    The violations of the FCRA were willful.  DEFENDANT acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

91.    PLAINTIFF and the FCRA CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

92.    PLAINTIFF and the FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

93.    PLAINTIFF and the FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**THIRD CAUSE OF ACTION**

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA**
**(CAL. CIV. CODE §1786 ET SEQ.)**

**(By Plaintiff and the ICRAA SUBCLASS Against All Defendants)**

94.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

95.    Defendants are "persons" as defined by Section 1786.2(n) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

96.    Plaintiff and the ICRAA SUBCLASS members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

97.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as: a consumer report in which information on consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

98.    Thus a background check qualifies as an investigative consumer report under the ICRAA.

99.    Section 1786(a)(2) of the ICRAA provides, in relevant part:

If at any time, an investigative consumer report is sought for employment purposes…the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

(B) the person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or cause to be made in a document that consists solely of the disclosure, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in the clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's private practices, including whether the consumer's personal information will be sent outside the United State of its territories and information that complied with subdivision (d) of Section 1786.20….

(C) The Consumer has authorized in writing the procurement of the report.

100.    As described above, Plaintiff alleges that in evaluating him and other ICRAA SUBCLASS members for employment or during employment, Defendants procured or caused to be prepared investigative consumer reports (e.g., background checks), as defined by Cal. Civ. Code § 1786.2(c).

101.    The purported disclosures provided by Defendants to Plaintiff and the ICRAA SUBCLASS do not provide the information required by statutes and are not clear and unambiguous disclosures in stand-alone documents.  Thus, they do not meet the requirements under the law.

102.    Under the ICRAA, it is unlawful to procure or cause to be procured, an investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C).  The failure to include all relevant information and the inclusion of extraneous information, therefore, violates the statute.

103.    Upon information and belief, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring background checks or causing background checks to be procured, as described above.  Pursuant to that policy and practice, Defendants procured background checks or cause background checks to be procured for Plaintiff and class

members without first providing a valid written disclosure and obtaining consent in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

104.    Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent.  Defendants acted in deliberate or reckless disregard of their obligation and the rights of applicants and employees, including Plaintiff and ICRAA SUBCLASS Members.

105.    As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and ICRAA SUBCLESS members have been injured, including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

106.    Plaintiff on behalf of himself and all ICRAA SUBCLASS Members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

107.    In alternative to Plaintiff's allegations that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES
### (By Plaintiff, individually, Against Defendants)

108.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

109.    Labor Code section 204 establishes the fundamental right of all employees in the State of California to be paid wages, including minimum wage, straight time and overtime, in a timely fashion for their work.

110.    Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

111.    Labor Code section 1197 provides:  The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

112.    Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

113.    The applicable wage orders and California Labor Code sections 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.

114.    Labor Code sections 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

115.    During all relevant periods, the California Labor Code and wage orders required that Defendants fully and timely pay its non-exempt, hourly employees all wages earned and due for all hours worked.

116.    The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

117.    At all times relevant, Plaintiff consistently worked hours for which they were not paid because Defendants frequently required Plaintiff and the Class Members to work off the clock.

118.    Plaintiff is informed and believes that Defendants were aware that Plaintiff was working off the clock and should have been paid for this time.

119.    In addition, Defendants failed to pay at least minimum wage for all hours worked because, upon information and belief, Defendants rounded hours worked against Plaintiff's interests.

120.    Defendant's policy and practice of not paying all minimum wages violates

California Labor Code sections 204, 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the applicable wage order 7-2001.

121.    Due to Defendants' violations of the California Labor Code and wage orders, Plaintiff is entitled to recover from Defendant his unpaid wages, statutory penalties, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, as well as liquidated damages.

122.    Class Members who were misclassified as exempt were not paid at least minimum wage for all hours worked because they were only paid for 40 hours per week, yet often worked in excess of 40 hours per week.

## SECOND CAUSE OF ACTION

## <u>FAILURE TO PAY OVERTIME OWED</u>

### (By Plaintiff, individually, Against All Defendants)

123.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

124.    During all relevant periods, Defendant required Plaintiff to work shifts in excess of eight (8) hours per workday and/or to work in excess of forty (40) hours per workweek.

125.    During all relevant periods, both the California Labor Code sections 1194, 1197, 510, 1198, and the pertinent wage order 7-2001 required that all work performed by an employee in excess of eight (8) hours in any workday, on the seventh day of work in any workweek, or in excess of forty (40) hours in any workweek be compensated at one and one-half (1.5) times the employee's regular rate of pay.  Any work in excess of twelve (12) hours in one (1) day is required to be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight (8) hours on any seventh (7th) day of a workweek is required to be compensated at the rate of no less than twice the regular rate of pay of an employee.

126.    During all relevant periods, Defendants had a uniform policy of requiring Plaintiff to work in excess of eight (8) hours in a workday and/or in excess of forty (40)

hours in a workweek without compensating them at a rate of one and one-half (1.5) times their regular rate of pay.  Upon information and belief, Defendants also failed to properly compensate Plaintiff and the Class Members for hours worked in excess of twelve (12) hours in one (1) day, or eight (8) hours on the seventh (7th) day of a workweek.

127.   The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

128.   At all times relevant, Plaintiff consistently worked hours for which he was not paid because Plaintiff was required to work off the clock—some of these hours were over eight (8) hours in one (1) workday or in excess of forty (40) hours in a workweek and should have been paid at the overtime rate.

129.   Plaintiff is informed and believes that Defendants were aware that Plaintiff was working off the clock and that he should have been paid for this time.

130.   In addition, upon information and belief, Defendants failed to incorporate all forms of compensation, including without limitation bonuses, differentials, and incentives, into the regular rate for overtime purposes.

131.   As a result, Defendants failed to pay Plaintiff earned overtime wages and he suffered damages as a result.

132.   Defendants knew or should have known Plaintiff was undercompensated as a result of these practices.

133.   Due to Defendant's violations of the California Labor Code, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, statutory penalties, and liquidated damages.

134.   Defendant's misclassification of non-exempt employees resulted in a failure to pay overtime.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE LAWFUL MEAL PERIODS**

**(By Plaintiff, individually, Against All Defendants)**

135.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

136.   Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

137.   During the relevant period, Defendants consistently failed to provide Plaintiff timely and uninterrupted first meal periods of not less than thirty (30) minutes within the first five hours of a shift.

138.   As a consequence of Defendants' policies and practices, requirements, demands, coverage and staffing, Plaintiff was  often required to forego such meal periods, take shortened meal periods, and/or commence his meal periods into and beyond the sixth hour of their shifts.

139.   Upon information and belief, Plaintiff was not paid one hour of pay at their regular rate for each day that a meal period was not lawfully provided.

140.

141.   As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial.

142.   Pursuant to Labor Code § 226.7, Plaintiff is entitled to recover one (1) hour of premium pay for each day in which a meal period violation occurred.  He is also entitled to recover reasonable attorneys' fees, cost, interest, and penalties as applicable.

143.   As a result of the unlawful acts of Defendants, Plaintiff has been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code section

3287.

## FOURTH CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS
#### (By Plaintiff, individually,  Against All Defendants)

144.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

145.    Pursuant to the IWC wage orders applicable to Plaintiff's employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."

146.    Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

147.    Defendants were required to authorize and permit employees such as Plaintiff to take rest periods during shifts in excess of 3.5 hours, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

148.    Despite said requirements of the IWC wage orders applicable to Plaintiff's employment with Defendants, Defendants failed and refused to authorize and permit Plaintiff to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.  Such rest breaks, when provided, were frequently untimely or less than net ten minutes because of the work requirements imposed by Defendants, the requirement that employees remain on premises, lack of coverage an staffing, and frequent calls during rest periods.

149.    Defendants did not pay Plaintiff one additional hour of pay at his regular rate of pay for each day that a rest period violation occurred.

150.    By their failure to authorize and permit Plaintiff to take a lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction thereof

worked, including failure to provide two (2) total rest periods on six to ten hour shifts and three (3) total ten (10) minute rest periods on days on which Plaintiff and the other Class Members work(ed) work a third rest period for shifts in excess of ten (10) hours, and by their failure to provide compensation for such unprovided rest periods as alleged herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and the applicable IWC Wage Order(s).

151.    As a result of the unlawful acts of Defendants, Plaintiff has  been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code 3287.

## FIFTH CAUSE OF ACTION
## <u>FAILURE TO TIMELY PAY WAGES DUE AND PAYABLE DURING EMPLOYMENT</u>
### (By Plaintiff, individually, Against All Defendants)

152.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

153.    Labor Code section 204 requires that all wages are due and payable twice in each calendar month.

154.    The wages required by Labor Code §§ 226.7, 510, 1194 and other sections became due and payable to each employee in each month that he or she was not provided with a meal period or rest period or paid minimum wage, straight or overtime wages to which he or she was entitled.

155.    Defendants violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code.

156.    Labor Code section 210 (a) provides that "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who

fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follow:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

103.  As a result of the unlawful acts of Defendants, Plaintiff has been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, penalties, plus interest thereon, attorneys fees, and costs, pursuant to Labor Code § 210, 218.5, 218.6, 510, 1194.

**SIXTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION**

**(By Plaintiff, individually, Against All Defendants)**

157.  Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

158.  Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within seventy-two (72) hours of separation of employment.

159.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

160.  Plaintiff is entitled to compensation for all forms of wages earned, including but not limited to minimum wages, overtime, proper sick pay, and premium meal and rest period compensation, but to date have not received such compensation, therefore entitling them to Labor Code § 203 penalties.

161.  In addition, irrespective of any derivative violation, Defendants failed to timely pay Plaintiff  earned compensation at the time of termination despite their obligations under Labor Code 201 and 202.

162.    More than thirty (30) days have passed since Plaintiff left Defendants' employ, and he has not received payment pursuant to <u>Labor Code</u> § 203.

163.    Plaintiff is thus entitled to 30 days' wages as a penalty under <u>Labor Code</u> § 203, together with interest thereon and attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

## KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

### By Plaintiff, individually, Against Defendants

164.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

165.    Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

166.    Further, the IWC Wage Orders require in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

167.    Labor Code section 1174 of the California also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the

names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees.  On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174, including by implementing the policies and procedures and committing the violations alleged in the preceding causes of action and herein.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

168.    Defendants have failed to record many of the items delineated in applicable Industrial Wage Orders and Labor Code section 226, and required under Labor Code section 1174, including by virtue of the fact that each wage statement which failed to accurately compensate Plaintiff for all hours worked and for missed and non-provided meal and rest periods, or which failed to include compensation for all minimum wages earned or overtime hours worked, was an inaccurate wage statement.  In addition, the wage statements inaccurately stated total hours worked, and hours worked at each hourly wage rate, and failed to indicate the applicable rates.

169.    On information and belief, Defendants failed to implement and preserve a lawful record-keeping method to record all non-provided meal and rest periods owed to employees or all hours worked, as required for non-exempt employees under California Labor Code section 226 and applicable California Wage Orders.  In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff has been compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them.

170.    As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not furnish Plaintiff with an accurate itemized statement in writing accurately reflecting all of the required information.  Here, Plaintiff asserts the Defendant omitted required information, failed to accurately include all applicable hourly rates on the wage statements and the corresponding number of hours worked at such rates or hours paid at such rates.  In addition, Defendants have failed to

provide accurate itemized wage statements as a consequence of the above-specified violations for failure to accurately pay all wages owed, accurately record all hours worked, and failure to pay meal and rest period premiums as required by law.

171.    Moreover, upon information and belief, as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

172.    Plaintiff suffered injury as a result of Defendants' failure to maintain accurate records in that he was not timely provided written accurate itemized statements showing all requisite information, and he was misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

173.    Pursuant to Labor Code section 226, and in light of Defendants' violations addressed above, Plaintiff is entitled to recover up to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

**NINTH CAUSE OF ACTION**

**VIOLATION OF THE UNFAIR COMPETITION LAW**

**By Plaintiff and the Manager Class Against All Defendants**

174.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

175.    Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public.  Plaintiff also seeks to enforce important rights affecting the public interest within the meaning of the California <u>Code of Civil Procedure</u> § 1021.5.

176.    Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California

35

AMENDED COMPLAINT

Business and Professions Code §§ 17200, *et seq*.

177.    A violation of California Business and Professions Code §§ 17200, *et seq*., may be predicated on the violation of any state or federal law.

178.    Plaintiff alleges that each of the state law violations set forth above for failure to pay minimum wages, failure to pay overtime, failure to provide lawful meal and rest breaks, failure to pay lawful meal and rest break premiums, and failure to timely pay wages during employment and upon separation was also committed against the members of the Manager Subclass by virtue of Defendants' unlawful policies and practices.

179.    Manager Class Members, including Plaintiff, were misclassified as exempt and were not paid at least minimum wage for all hours worked or proper overtime because they were only paid for 40 hours per week, yet often worked in excess of 40 hours per week. They were also not properly paid overtime because Defendants failed to include incentives, bonuses, and piece rates into the regular rate for overtime purposes.

180.    In addition, as to the Manager Class, Plaintiff and Class Members consistently were not provided meal or rest periods because Defendants misclassified them as exempt. Moreover, as set forth above, by virtue of Defendants' demands, policies and procedures, lack of coverage and staffing, Defendants failed to lawfully provide meal nad rest periods. Indeed, the state law violations, including violations of the relevant IWC Wage Order, detailed herein above are the predicate violations for this cause of action.    By way of example only, in the instant case Defendants' policy of failing to lawfully provide Plaintiff and the Class with timely meal and rest periods or pay one (1) hour of premium pay when a meal or rest period was not lawfully provided violates Labor Code § 512, and § 226.7, and the IWC Wage Orders.  Defendants further violated the law through their policies of failing to fully and accurately compensate Plaintiff and the Class Members for all hours worked, including minimum wages and overtime, in violation of Labor Code sections 510, 1194, 1197, 1198, and the IWC Wage Order.

181.    Plaintiff and the Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

182.    Pursuant to California Business and Professions Code §§ 17200, *et seq.*, Plaintiff and the Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5; interest; and an award of costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray judgment against Defendants, jointly and severally, as follows:

## **Class Certification**

1.    That this action be certified as a class action as to Causes of Action 1-3, and 9;

2.    That Plaintiff be appointed as the representative of the Manager Class and FCRA Class and the ICRAA Class;

3.    That Plaintiff be appointed as the representatives of the Subclasses; and

4.    That counsel for Plaintiff be appointed as counsel for the Classes and Subclasses.

**On the First and Second Cause of Action**

Violation of FCRA

1. A determination and judgment that Defendants willfully violated the 15 U.S.C. § 1681(b)(2)(A)(i) and (ii) of the FCRA by failing to make requisite disclosures and/or including liability release language in its background check disclosure and authorization form and/or by obtaining consumer reports on Plaintiff and FCRA CLASS Members without having proper authorization to do so;

2. Pursuant to 15 U.S.C. §1681n(a)(1)(A), an award of statutory damages to Plaintiff and the members of the FCRA CLASS in an amount equal to $1,000 for Plaintiff and each FCRA CLASS Member for Defendant's willful violation of the FCRA;

3. Pursuant to 15 U.S.C. §1681n(a)(2), an award of punitive damages to Plaintiff and other FCRA CLASS Members;

4. An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Such other and further relief as the Court deems just and equitable.

**On the Third Cause of Action**

Violation of ICRAA

(Class Claim)

1. A determination and judgement that Defendant willfully violated the ICRAA by failing to make requisite complete clear and conspicuous disclosures and/or including extraneous information in its background check disclosure and authorization form and/or by obtaining consumer reports on Plaintiff and ICRAA SUBCLASS Members without having proper authorization to do so;

2. An award of actual damages and/or statutory damages to Plaintiff and the members of the ICRAA SUBCLASS;

3. An award of punitive damages to Plaintiff and other ICRAA SUBCLASS Members;

4. An award of costs of suit and reasonably attorneys' fees pursuant to Cal. Civ. Code § 1786.50

5. Such other and further relief as the Court deems just and equitable.

### On the Fourth Cause of Action

(Failure to pay minimum wages)

1. For the unpaid balance of the full amount of any minimum wages, and regular wages owed, as well as interest thereon,

2. Penalties according to statute,

3. Liquidated damages,

4. Reasonable attorneys' fees, and costs of suit;

5. For interest and

6. For such other and further relief as the Court deems proper.

### On the Fifth Cause of Action

(Failure to pay overtime)

1. For the unpaid balance of the full amount of any overtime wages owed, as well as interest thereon,

2. Penalties according to statute,

3. Liquidated damages,

4. Reasonable attorneys' fees, and costs of suit;

5. For interest and

6. For such other and further relief as the Court deems proper.

### On the Sixth Cause of Action

(Failure to Provide Lawful Meal Periods)

1. For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2. For reasonable attorneys' fees and costs pursuant to statute; and

3. For such other and further relief as the Court deems proper.

**On the Seventh Cause of Action**

(Failure to Authorize and Permit Lawful Rest Periods)

1.    For one (1) hour of premium pay for each day in which a required rest period was not lawfully authorized and permitted; and

2.    For reasonable attorneys' fees and costs pursuant to statute; and

3.    For such other and further relief as the Court deems proper.

**On the Eighth Cause of Action**

(Failure to Timely Pay Wages Due and Payable During Employment)

1.    For unpaid wages;

2.    For penalties pursuant to Labor Code § 210 and 25% of the amount of wages unlawfully withheld;

3.    For interest;

4.    For reasonable attorneys' fees and costs pursuant to statute; and

5.    For such other and further relief as the Court deems proper.

**On the Ninth Cause of Action**

(Failure to Timely Pay Wages At Separation)

6.    For unpaid wages;

7.    For penalties pursuant to Labor Code § 203;

8.    For interest;

9.    For reasonable attorneys' fees and costs pursuant to statute; and

10.    For such other and further relief as the Court deems proper.

**On the Tenth Cause of Action**

(Failure to Provide Accurate Itemized Wage Statements

1.    For statutory penalties, including penalties pursuant to Labor Code section 226;

2.    For reasonable attorneys' fees and costs; and

3.    For such other and further relief as the Court deems proper;

## On the Eleventh Cause of Action

### (Violation of the Unfair Competition Law)

1.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Manager Class Members for the Defendants' past failure to pay minimum, overtime and regular wages, and for premium wages for meal and rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under California Code of Civil Procedure § 1021.5 and Labor Code section 1194, 1197, 1198 ;

3.    For pre-judgment interest on any unpaid minimum, regular and overtime wages due from the day that such amounts were due;

4.    For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under the Labor Code; and

5.    For such other and further relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiff, on behalf of the Class and Subclasses, respectfully demand a jury trial in this matter to the fullest extent available under the law.


Respectfully submitted,


Dated: February 1, 2022          **JAMES HAWKINS APLC**


By:    */s/Christina M. Lucio*
     James R. Hawkins
     Christina M. Lucio

     Attorneys for Plaintiff
     SCOTT GREEN, on behalf of himself and all
     others similarly situated

AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Certificate of Service

The attached was served on all parties and their counsel, through the ECF system, on February 19, 2022.

By:  /s/ Christina M. Lucio

Christina M. Lucio, Esq.

AMENDED COMPLAINT